IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br>PAUL LYN NISBET,<br><br>Defendants. | CR 15–40–M–DLC<br><br><br>ORDER |

Defendants George Leslie Manlove ("Manlove") and Paul Lyn Nisbet ("Nisbet") move the Court for a continuance of the trial and all pretrial deadlines in the above-captioned matter. Defendants assert that a continuance is necessary because "the discovery material is voluminous[1] and the time necessary to review it will far eclipse the current deadline for motions, plea agreements, and trial." (Doc. 24 at 3.) Defendants waive their rights under the Speedy Trial Act through February 2017. (*See* Docs. 24-1, 25.) The government opposes continuing the trial beyond May 2016.

---

1. Manlove's counsel estimates that discovery may consist of as many as 8.5 million pages of documents, by his calculation. Regardless of the accuracy of this estimation, two terabytes of electronic data and nineteen banker's boxes of paper documents certainly qualifies as voluminous.

-1-

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

Defendants have been charged by Superseding Indictment with a multitude of counts, including conspiracy, wire fraud, bank fraud, bankruptcy fraud, and money laundering. In total, Manlove faces 221 charges and Nisbet faces 170

charges. The Court agrees with Defendants' attorneys that, given the current schedule set in this matter and the breadth of discovery, "no amount of reasonable diligence could allow counsel the ability to prepare" for a trial on March 21, 2016. (Doc. 24 at 6). The Court finds that denying a continuance under these circumstances "would deny counsel for [Defendants] . . . the reasonable time necessary for effective preparation," and may lead to a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(iv). However, in part sharing the government's apparent concerns, the Courts find that a one-year continuance would be excessive, and so will limit Defendants' request.

Accordingly, IT IS ORDERED that Defendants' motion for a continuance (Doc. 23) is GRANTED IN PART. The trial scheduled for March 21, 2016, is VACATED and RESET for **October 11, 2016, at 9:00 a.m.** in the Russell Smith Courthouse, Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED. The motions deadline is reset for September 2, 2016. The plea agreement deadline is reset for September 29, 2016. The JERS deadline is reset for October 3, 2016. Jury instructions and trial briefs are due on or before October 6, 2016. The Court's January 26, 2016 scheduling order shall remain in full force and effect in all other respects.

DATED this 19th day of February, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court