IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br><br>Defendant. | CR 15–40–M–DLC–01<br><br>ORDER |

Defendant George Leslie Manlove ("Manlove") moves the Court for a second continuance of the trial and all pretrial deadlines in the above-captioned matter. Manlove again asserts that a continuance is necessary because of what his counsel paints as an unwieldy discovery situation, both in terms of the volume of documents and the manner in which he has received materials from the government. The government opposes Manlove's request, and has provided the Court with documentation supporting the steps it has taken to facilitate Manlove's discovery efforts. Manlove requests that his trial date be set no sooner than October 1, 2017—thirteen months from the date of this order, twenty-one months from the date upon which the government produced the bulk of discovery, and nearly two years after the grand jury handed down the original Indictment in this

case.

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, *inter alia*, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not unusually complex or unusual, would nonetheless deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(7)(B). An "ends of justice continuance . . . must be specifically limited in time [and] must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 130 S. Ct. 1345, 1351 (2010).

There is no question that this case involves a prolonged alleged scheme, a significant amount of documentation, and a comparably large number of pending

counts.  The Court is also satisfied that Manlove's counsel has encountered difficulties in sifting through and categorizing discovery, and that the government has in good faith attempted to ease those difficulties.  The Court disagrees with the contention that this case is unusually large or complex, however, and further notes—from personal experience—that the apparent quantity of hard-copy materials in the possession of the government appears reviewable over the time elapsed since those materials became available.  For these reasons, the Court will grant Manlove's motion for a continuance, but will do so mindful of the government's concerns with excessively prolonging this matter.  The Court grants the continuance on the basis that failing to do so could deny counsel the time necessary for effective preparation, and could result in a miscarriage of justice.

Accordingly, IT IS ORDERED that Defendants' motion for a continuance (Doc. 59) is GRANTED IN PART.  The trial scheduled for October 11, 2016, is VACATED and RESET for **January 9, 2017, at 9:00 a.m.** in the Russell Smith Courthouse, Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED.  The motions deadline is reset for December 2, 2016.  The plea agreement deadline is reset for December 29, 2016.  The JERS deadline is reset for December 30, 2016.  Jury instructions and trial briefs are due on or before January 5, 2017.  The

Court's January 26, 2016 scheduling order shall remain in full force and effect in all other respects.

DATED this 31st day of August, 2016.

_____
Dana L. Christensen, Chief District Judge
United States District Court