IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



**FILED**

JAN 0 5 2017

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–40–M–DLC–01 |
| Plaintiff, | |
| vs. | ORDER |
| GEORGE LESLIE MANLOVE, | |
| Defendant. | |

Before the Court are Defendant's following motions to dismiss: (1)

Defendant's First Motion to Dismiss: Count 127 (Doc. 88); (2) Defendant's

Second Motion to Dismiss: Counts 132–218 (Money Laundering) (Doc. 90); (3)

Defendant's Third Motion to Dismiss: Counts 2–121 (Wire Fraud) (Doc. 92); (4)

Defendant's Fourth Motion to Dismiss: The First Forfeiture Allegation (Wire

Fraud) (Doc. 94); (5) Defendant's Fifth Motion to Dismiss: The Second Forfeiture

Allegation (Money Laundering) (Doc. 96); (6) Defendant's Sixth Motion to

Dismiss: Counts 122 and 123 (Bank Fraud) (Doc. 150). For the reasons given

below, the Court denies all six motions.

## PROCEDURAL AND FACTUAL BACKGROUND

George Leslie Manlove ("Manlove") is the former CEO of Vann's, Inc.

("Vann's"), a Montana corporation that owned and operated retail electronics and appliance stores throughout the state before declaring bankruptcy in 2012. On December 21, 2015, the grand jury returned a 221-count indictment against Manlove, charging him with: a single conspiracy count (Count 1); 124 counts of wire fraud (Counts 2–125); 2 counts of bank fraud (Counts 126 and 127); 4 counts of false statements (Counts 128-131); 4 counts of bank fraud (Counts 132–135); and 86 counts of money laundering (Counts 136–221). (Doc. 1). The indictment also seeks forfeiture of the property and proceeds of the alleged wire fraud scheme, the property involved in the money laundering offenses, and the property and proceeds involved in the bank fraud offenses. Manlove was arraigned on January 12, 2016. The Government submitted a Superceding Indictment on January 21, 2016, and a Second Superceding Indictment on March 18, 2016. The Second Superceding Indictment (hereafter "Indictment") is at issue in Manlove's motions to dismiss and includes the following counts:

- Count 1: Conspiracy in violation of 18 U.S.C. § 1343, 18 U.S.C. § 1344, 18 U.S.C. § 1014, 18 U.S.C. § 152, 18 U.S.C. § 1956, 18 U.S.C. §1957 and 18 U.S.C. § 2;

- Counts 2–121: Wire Fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2;

- Counts 122 and 123: Bank Fraud in violation of 18 U.S.C. § 1344; and 18 U.S.C. § 2;

-2-

- Counts 124–127: False Statements in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2;

- Counts 128–131: Bankruptcy Fraud in violation of 18 U.S.C. § 152(4);

- Counts 132-218: Money Laundering in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2;

- Counts 219–221: Tax Fraud in violation of 26 U.S.C. § 7206(1);

- First Forfeiture Allegation: the property and proceeds of the alleged wire fraud scheme;

- Second Forfeiture Allegation: the property involved in the money laundering offenses;

- Third Forfeiture Allegation: the property and proceeds involved in the bank fraud offenses.

Manlove now moves the Court to dismiss various counts within the Indictment including: Count 127 (false statement to a federally insured bank); Counts 132–218 (money laundering); Counts 2–121 (wire fraud); the first forfeiture allegation (wire fraud); the second forfeiture allegation (money laundering); and Counts 122 and 123 (bank fraud). The Government opposes all six motions. Each motion will be addressed separately below.

## LEGAL STANDARD

In ruling on a pretrial motion to dismiss an indictment for failure to state an offense, the court "is bound by the four corners of the indictment" and the court

must accept the truth of the allegations in the indictment. *U.S. v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *U.S. v King*, 200 F.3d 1207, 1217 (9th Cir. 1999). "An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) (citing *United States v. Bailey*, 444 U.S. 394, 414 (1980)). "In cases where the indictment tracks the words of the statute charging the offense, the indictment will be held sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense." *Id.* (citing *United States v. Fitzgerald*, 882 F.2d 397, 399 (9th Cir.1989)) (internal quotations omitted). In addition, "a defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citations omitted).

**Discussion**

## I.    Count 127: False Statement to a Federally Insured Bank

Manlove moves to dismiss Count 127 of the Indictment asserting that the factual allegations in the Indictment fail to accurately set forth all the elements of the offense. Manlove contends that Indictment fails to allege a critical element of 18 U.S.C. § 1014: that Manlove's allegedly false statement was made to influence in any way the actions of First Interstate Bank ("FIB") upon an application, purchase agreement, or any extension thereof. The Government opposes this motion and argues that the Indictment sufficiently alleges the elements of 18 U.S.C. § 1014 with respect to the false statement made by Manlove. The Court agrees.

With respect to Count 127, the Indictment alleges:

### COUNTS 124-127

### FALSE STATEMENTS

109.    Paragraphs 1 through 108 are incorporated by reference as if set forth in full.

110.    Beginning on or about April 24, 2007, and continuing until on or about March 2, 2011, in Missoula, in the District of Montana, and elsewhere, the defendants, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, did make false statements knowing the same to be false, for the purpose of influencing in any way the actions of First Interstate Bank and Treasure State Bank, both federally insured lending

institutions, as follows:

. . .

## COUNT 127

114.  On or about March 2, 2011, NISBET and MANLOVE
      provided First Interstate Bank a chart that falsely represented
      that valid lease agreements existed between JPEG, LLC, and
      Vann's for the Outlet Store and Painted Sky, LLC and Vann's
      for the Helena Store.

      All in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2.

Pursuant to Federal Rule of Criminal Procedure 12(b), Manlove admitted

for the purposes of the motion that the Indictment sufficiently alleges false

statements were made; however, he argued that the Indictment was insufficient as

a matter of law because it failed to allege that his false statements were intended to

influence a loan or other extension of credit.

Under 18 U.S.C. § 1014 ("Loan and credit applications generally; renewals

and discounts; crop insurance"), it is a crime for an individual to:

1.  Knowingly make a false statement or report;

2.  For the purpose of influencing in any way the action of an
    institution the accounts of which are federally insured;

3.  Upon any application, purchase agreement, or extension of any
    of the same.

18 U.S.C. § 1014; *Boren*, 278 F.3d at 914.[1]  Manlove's argument regarding Count

127 specifically relates to the third element.  Manlove asserts that the Indictment

fails to make allegation that Manlove's allegedly false statements were made

"upon any application, advance, discount, purchase, purchase agreement,

repurchase agreement, commitment, loan, or insurance agreement or application

for insurance or a guarantee, or any change or extension of any of the same, by

renewal, deferment of action or otherwise, or the acceptance, release, or

substitution of security therefor."  18 U.S.C. § 1014.  Manlove asserts that the

Indictment fails to allege that Paul Nisbet's March 2, 2011, chart which he sent to

FIB, was part of an application, purchase agreement, or an extension of the same.

(Doc. 182 at 3.)

In *Boren*, the Ninth Circuit found that "[t]he statute's reach is not limited to

false statements made with regard to loans, but extends to any application,

commitment or other specified transaction."  278 F.3d at 914.  The court

---

[1] The Court recognizes Manlove's additional argument raised in his reply brief regarding the case law on this issue.  Ninth Circuit law does have differing tests as to pre-trial and post-trial motions to dismiss counts in an indictment.  While the Court appreciates Manlove's attention to case law and the respective tests for determining whether an indictment sufficiently alleges the elements of each offense, the Court defers to *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002), the leading and most recent case on this issue, which interprets a pre-trial motion to dismiss analogous to the instant motion before the Court.  The Court will also analyze all of Manlove's motions to dismiss under his general Sixth Amendment right to be informed of the nature and cause of the accusation against him.

determined that the word "any" within the third element of the statute is unambiguous and broad, and that it is not limited to lending transactions. *Id.* at 915. Manlove agrees with the Government's assertion that 18 U.S.C. §1014 is "unambiguous and broad" and includes transactions other than bank loans. (Doc. 182 at 8.) Therefore, the question here is whether the Indictment sufficiently alleges that Manlove's false statement was made to influence FIB as it relates to an "application," a "commitment," or "an extension of any of the same." *Id.* at 916.

The Government contends that paragraphs 39, 50, 97, 109, 110, 112, and 114 of the Indictment allege sufficient facts to indict Manlove as to the third element of Count 127. First, Count 127 itself adequately states the third element of the offense charged and is sufficient under Rule 7 of the Federal Rules of Criminal Procedure. Paragraph 110 states that "GEORGE LESLIE MANLOVE and PAUL LYN NISBET, did make false statements knowing the same to be false, for the purpose of influencing in any way the actions of First Interstate Bank and Treasure State Bank, both federally insured lending institutions." Paragraph 114 goes on to allege that the false representation as to the conduct occurring on or about March 2, 2011, was Manlove and Nisbet's false representation that a "valid lease agreement existed between JPEG, LLC, and Vann's for the Outlet Store and

-8-

Painted Sky, LLC and Vann's for the Helena Store." The Indictment further explains in paragraph 97 that Manlove and Nisbet submitted this false representation to FIB specifically because FIB requested the information regarding Vann's leases.

Reading and interpreting the language within the four corners of the Indictment, the Court finds that the document satisfies the third element of 18 U.S.C. § 1014. While the Indictment does not specifically allege why FIB requested more information from Manlove and Nisbet regarding the Vann's lease agreements, that is not what is needed within the Indictment to adequately explain the elements of the offense charged and fairly inform Manlove of the charge against him. Instead, the Indictment must explain that the false representation made on or about March 2, 2011, influenced "in any way" the actions of FIB. The only action that FIB could have taken had a valid lease agreement not been presented was action related to the FIB loans for the Missoula Outlet Store and the Helena Store. The Court is not in a position to hypothesize what action might have been taken by FIB regarding those loans. But, what is clear is that the false representation alleged in the Indictment did in fact influence the action of FIB to continue and extend its loan obligations; thus, this satisfies the "any extension of the same" language within element three of 18 U.S.C. § 1014.

The Indictment sufficiently charges the offense of false statement to a federally insured bank, and therefore Manlove's motion to dismiss Count 127 is denied.

## II.    Counts 132–218 (money laundering)

Manlove next moves to dismiss Counts 132–218, which charge money laundering.  Specifically, Manlove contends that all of these counts do not sufficiently allege that Manlove knew that leasing the real estate owned by his LLCs to the Missoula and Helena Vann's stores for profit constituted the crime of wire fraud and conspiracy.  The Government opposes this motion and contends that this knowledge existed and that Manlove is free to argue at trial that the Government does not have sufficient evidence to prove Manlove's knowledge, but that the Indictment on its face is sufficient as to the elements of the crime of money laundering.

Under 18 U.S.C. § 1957(a) ("Engaging in monetary transactions in property derived from specified unlawful activity"), the Indictment must allege that:

1.    The defendant knowingly engaged or attempted to engage in a monetary transaction;

2.    The defendant knew the transaction involved criminally derived property;

3.    The property's value exceeded $10,000; and

4.     The property was in fact derived from a specified unlawful activity.

18 U.S.C. § 1957(a); *United States v. Messer*, 197 F.3d 330, 341 (9th Cir. 1999.) The Indictment alleges with respect to Counts 132 through 167 that Manlove "did knowingly conduct and attempt to engage in monetary transactions in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, that is wire fraud, and that the monetary transactions took place in the United States." The "knowing" element is included in this paragraph, and each transaction listed in Exhibit B of the Indictment constitutes amounts over $10,000.[2] Thus, the Indictment sufficiently tracks the elements of the offense pursuant to statute and the words unambiguously set forth all elements necessary to constitute the offense.

Under 18 U.S.C. § 1956(a)(1)(A)(i) ("Laundering of monetary instruments"), the Indictment must allege that:

1.     The Defendant knew the property involved in a financial transaction represents the proceeds of some form of unlawful activity;

2.     The defendant conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified

---

[2] The amounts listed in Exhibit B are $13,736.87 per month with respect to the lease payment for Painted Sky, LLC, and $11,300.00 per month with respect to the lease payment for JPEG, LLC.

unlawful activity; and

3.  With the intent to promote the carrying on of a specified unlawful activity.

18 U.S.C. § 1956(a)(1)(A)(i); *United States v. Messer*, 197 F.3d 330, 341 (9th Cir.

1999.)

In Paragraph 127 of the Indictment, in support of Counts 168 through 218,

it is alleged that Manlove:

> did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, to wit, wire transfers as set out in Exhibit C, incorporated by reference, which involved the proceeds of a specified unlawful activity, that is a conspiracy to defraud Vann's and Wire Fraud, with the intent to promote the carrying on of specified unlawful activity, to wit: a leaseback scheme to defraud Vann's, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

Again, tracking the language of the statutes, the Indictment expressly

alleges all elements under 18 U.S.C. §1956(a)(1)(A)(I). Manlove is free to

challenge at trial the sufficiency of the Government's evidence in support of these

allegations, but a motion to dismiss an indictment is not the proper vehicle for a

summary trial of the evidence. Therefore, Manlove's motion to dismiss Counts

132–218 is denied.

### III.  Counts 2–121 (wire fraud)

Manlove also moves dismiss Counts 2–121 on the basis that these counts do not sufficiently allege that (1) Manlove made specific false statements, (2) Manlove intended to injure the victims, (3) the counts involved transmission of interstate wire, (4) the counts refer to credit card payments and bank transfers that he contends are not "in furtherance" of a fraudulent scheme, and (5) Count 52 does not include the date of the transaction. (Doc. 93 at 7–25.) The Government opposes this motion and argues that the Indictment sets forth all the necessary elements of the wire fraud offenses charged.

Under 18 U.S.C. § 1343 ("Fraud by wire, radio, or television"), the Indictment must allege four elements:

1. That the defendant knowingly devised or knowingly participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations or promises;

2. That the statements made or the facts omitted as part of the scheme were material;

3. That the defendant acted with the intent to defraud; and

4. That in advancing or furthering or carrying out the scheme, the defendant used the wires or caused the wires to be used.

18 U.S.C. § 1343; *United States v. Woods*, 335 F.3d 993, 997 (9th Cir. 2003); *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013). Under element one, the

Ninth Circuit in *Woods* found that a defendant's actions can constitute a scheme or artifice to defraud whether or not any specific false statement or misrepresentation is involved. *Id.* at 998. All that is necessary is for the statements or omissions made to be material to the fraud alleged. *Id.* at 998–999.

The pertinent portions of the Indictment are as follows:

**COUNTS 2-121**
**Wire Fraud**
**The Scheme To Defraud**

82. Paragraphs 1 through 81 are incorporated by reference as if set forth in full.

83. Beginning on approximately March 31, 2006, and continuing until on or about February 15, 2013, the defendants, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, in Missoula and Helena, in the State and District of Montana, and elsewhere, executed a material scheme and artifice to defraud Vann's, Vann's fonner employees, the beneficiaries of the Employee Stock Ownership Plan, First Interstate Bank, Vann's other creditors and lenders, and the Estate of Vann's, Inc., and to obtain money and property by means of materially false and fraudulent pretenses and representations.

. . .

**COUNTS 2-85**
**Personal Expenses**
**The Wires**

85. Paragraphs 1 through 84 are incorporated by reference as if set forth in full.

86.  For the purpose of executing and attempting to execute the aforementioned material scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses and representations, the defendants, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, did transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, that is bank transfers and credit card payments, as described in Exhibit A, attached hereto and incorporated herein, each such instance being a separate and additional Count of this Indictment, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

### COUNTS 86-106
### Leaseback Scheme - Painted Sky, LLC.
### The Wires

87.  Paragraphs 1 through 86 are incorporated by reference as if set forth in full.

88.  For the purpose of executing and attempting to execute the aforementioned material scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses and representations, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, did transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, that is bank transfers, as described below, each such instance being a separate and additional Count of this Indictment, in violation of 18 U.S.C. § 343 and 18 U.S.C. § 2.

### COUNTS 107-121
### Leaseback Scheme - JPEG, LLC
### The Wires

89.  Paragraphs 1 through 88 are incorporated by reference as if set forth in full.

90. For the purpose of executing and attempting to execute the aforementioned material scheme and artifice to defraud, and for obtaining money and property by means of material false and fraudulent pretenses and representations, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, did transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, that is bank transfers, as described below, each such instance being a separate and additional Count of this Indictment, in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2.

As to Manlove's first argument, the required elements under 18 U.S.C. § 1343 need not include specific false statements. *Woods*, 335 F.3d at 998–999. The Indictment sufficiently alleges that the overall scheme to defraud Vann's included statements and omissions regarding the true nature of JPEG, LCC and Painted Sky, LLC's lease agreements with Vann's, the true nature of the "arms-length" transactions, and the true nature of whether the board approved these lease agreements. Under each wire fraud count, the Indictment states that these false pretenses were material to the scheme to defraud Vann's. Again, Manlove is free to challenge the evidence at trial, but the Indictment on its face sufficiently alleges false or fraudulent pretenses that were material to a scheme or plan to defraud; thus, the Court finds the Indictment sufficient as to elements one and two of wire fraud.

Under Manlove's second argument, he contends that the Indictment does

-16-

not establish under element three that Manlove intended to injure Vann's. Manlove states that because fraud is a "specific intent" crime, the Indictment must allege that Manlove had the specific intent to deceive or defraud. The Court agrees that this is a specific intent crime. However, the Ninth Circuit has addressed this issue and found that "'intent' to defraud under § 1343 does not require an intent to cause a pecuniary loss to the victim" but rather that "[t]he intent to induce one's victim to give up his or her property on the basis of an intentional misrepresentation which causes 'harm' by depriving the victim of the opportunity to weigh the true benefits and risks of the transaction, regardless of whether or not the victim will suffer the permanent loss of money or property." *United States v. Treadwell*, 593 F.3d 990, 996–997 (9th Cir. 2010). The Court finds that the overall plan to defraud Vann's set out in the Indictment sufficiently alleges Manlove's intent to defraud the company by making misrepresentations and omissions relating to the leaseback scheme of the Vann's stores. Manlove's inducement of Vann's to enter the leases without true information regarding the leases prevented the company from making an independent, informed decision regarding the merits of the JPEG, LLC and Painted Sky, LLC leases. Thus, the Indictment is also sufficient as to the intent element of 18 U.S.C. § 1343.

Third, Manlove contends that the Indictment does not allege that specific

actual interstate wire transmissions occurred or that it was at least reasonably foreseeable to Manlove that the use of the wires would occur. However, this fourth element requires that the wires (i.e. the bank transfers) were reasonably foreseeable and that the wires actually occurred. *Jinian*, 725 F.3d at 962. The Indictment lists all wires that occurred as to Counts 2 through 121, including the wires' dates, amounts, and bank accounts transferred from and to (with the exception of Count 52 listing no date in the actual spreadsheet). While the Indictment does not use the term "reasonably foreseeable" it is clear from the Indictment language these wire transfers were reasonably foreseeable to Manlove because he was the individual who formed the LLCs, obtained loans from banks to purchase the real estate for his LLCs that would then lease to the Missoula Outlet Store and Helena Store, and assigned the transfer of the profits from those lease agreements to his personal bank account. Thus, the Indictment also sufficiently alleges facts with respect to this fourth and final element.

Next, Manlove claims that Counts 2 through 85 are defective because the dates listed in Exhibit A involved transactions that were not "in furtherance" of the overall fraudulent scheme. Manlove cites to four United States Supreme Cases to support his argument: *Kann v. United States*, 323 U.S. at 95; *Parr v. United States*, 363 U.S. 370 (1960); *United States v. Maze*, 414 U.S. 395 (1974); and *Schmuck v.*

*United States*, 489 U.S. 705, 723 (1989). The Government then cites to *Jinian*, a Ninth Circuit case, which distinguished those cases and explained that in terms of whether a wire is in furtherance of a fraud, "the relevant question at all times is whether a wire is part of the execution of the scheme as conceived by the perpetrator at the time, not whether the defendant, prior to the wiring, had obtained all the money he expected to get." 725 F.3d at 961. Here, the Indictment explains in detail Manlove's alleged ongoing scheme to defraud Vann's. Thus, the result of the independent wires listed in the Indictment for Counts 2 through 85 were not the final executions of the crime to defraud, but were in furtherance of the overall scheme that was not discovered until after the transactions were completed. Consequently, the Indictment sufficiently alleges that the wires involved in the credit card payments and bank transfers were in furtherance of the ongoing scheme to defraud Vann's.

Finally, Manlove argues that Count 52 is insufficiently pled because it does not include the date of the transaction. The Government clarifies this error in its response brief and points the Court to paragraph 68 of the Indictment. The Court finds that paragraph 68 of the Indictment sufficiently states a date of June 27, 2011, for when Manlove and Nisbet caused Vann's to pay a $6,000 annual fee for Manlove's ongoing Rock Creek Cattle Company membership, without board

-19-

authorization. Thus, the four corners of the Indictment do sufficiently allege the date of this wire transaction.

Accordingly, Manlove's motion to dismiss Counts 2–121 of the Indictment is denied.

## IV.    First Forfeiture Allegation (wire fraud) & Second Forfeiture Allegation (money laundering)

Manlove moves to dismiss the first forfeiture allegation on the grounds that forfeiture for wire fraud is unavailable unless it affects "a financial institution" or a "conservator for a financial institution," and moves to dismiss the second forfeiture allegation because the money laundering allegations are fatally defective and thus the forfeiture related to those allegations cannot stand. The Government opposes these motions.

The Indictment sufficiently seeks the forfeiture for wire fraud as follows:

### FIRST FORFEITURE ALLEGATION

134.    Upon conviction of the wire fraud offenses set forth in Counts 2-121 of this Indictment, the defendants, GEORGE LESLIE MANLOVE and PAUL LYN NISBET, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(l)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

If any property that constitutes or is derived from the proceeds traceable to the offenses set forth in Counts 2-121:
a.    Cannot be located upon the exercise of due diligence;

b. Has been transferred or sold to, or deposited with, a third party;
c. Had been placed beyond the jurisdiction of the Court;
d. Has been substantially diminished in value; or
e. Has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Manlove's main issue with the first forfeiture allegation relating to the wire fraud counts is that the Indictment improperly relies on 28 U.S.C. § 2461(c) to expand civil forfeiture to criminal forfeiture. Manlove misstates the authorization of forfeiture for wire fraud under 18 U.S.C. § 982, because, as the Indictment states, the Government is seeking forfeiture relating to the wire fraud under 18 U.S.C. § 981(a)(1), which is allowed under 28 U.S.C. § 2461(c).[3] Moreover, the Ninth Circuit found in *United States v. Rutledge*, 437 F.3d 917, 921 (9th Cir. 2006), *opinion withdrawn*, 448 F.3d 1080 (9th Cir. 2006)[4], that 28 U.S.C. § 2461(c) did allow criminal forfeiture under general wire fraud. Therefore, the Indictment sufficiently alleges the forfeiture allegation regarding wire fraud under

_____

[3] The Government succictly and correctly outlined in their response brief the legal analysis justifying forfeiture for criminal wire fraud, which includes the following statutes: 18 U.S.C. § 1343; 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C); 18 U.S.C. § 1956(c)(7)(A); and 18 U.S.C. § 1961(1).

[4] The opinion was withdrawn due to circumstances in the case regarding a plea as to the forfeiture allegations, but the Ninth Circuit did not vacate the order, so the analysis stands.

federal law, and this motion to dismiss is denied.

The Court also denies Manlove's motion to dismiss the second forfeiture allegation because it is predicated on the assumption that the Court will dismiss the money laundering counts. However, as determined above, the Court denies Manlove's motion to dismiss Counts 132–218 relating to money laundering. Consequently, this motion to dismiss the forfeiture allegations pertaining to money laundering is denied.

## VI.    Counts 122 and 123 (bank fraud)

Lastly, Manlove moves to dismiss Counts 122 and 123 relating to bank fraud because the Indictment fails to sufficiently allege that the Defendants intended to defraud, injure or cheat the banks at issue. The Government opposed this motion because the Indictment states that the Defendants "knowingly executed a material scheme to defraud a financial institution."

Under 18 U.S.C. § 1344 ("bank fraud"), the Indictment must allege:

That a defendant knowingly executed, or attempted to execute, a scheme or artifice–

1.     To defraud a financial institution; or

2.     To obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises.

18 U.S.C. § 1344; *Loughrin v. United States*, 134 S. Ct. 2384, 2389 (2014). In *Loughrin*, the Court used plain language statutory interpretation and found that the first clause of § 1344 includes the requirement that a defendant *intend* to "defraud a financial institution," but that the second clause which is joined by an "or" and is disjunctive with the first clause does not include the intent element. *Id.* at 2389–2390. Thus, under the second subsection, the Indictment need only allege that the defendant "acquire[d] (or attempt[ed] to acquire) bank property 'by means of' the misrepresentation"; better stated, that the defendant's false statement was the mechanism naturally inducing a bank to part with money in its control. *Id.* at 2393.

Here, the Indictment sufficiently alleges bank fraud in Counts 122 and 123 under the second subsection of § 1344. Count 122 alleges that the defendants falsely represented to FIB that there was a valid signed lease agreement between Painted Sky, LLC and Vann's, when it was in fact never approved by Vann's Board of Directors, to obtain a loan in the amount of $2,117,850.50 for the purchase of the Helena Store. Similarly, Count 123 alleges that the defendants falsely represented to Treasure State Bank that there was a valid signed lease agreement between JPEG, LLC and Vann's, when it was in fact never approved by Vann's Board of Directors, to obtain a loan in the amount of $1,412,000 for the

purchase of the Missoula Outlet Store. This loan was then refinanced with FIB in 2008. Therefore, the Indictment sufficiently alleges that Manlove knowingly executed a scheme to obtain money from Treasure State Bank and FIB by means of false or fraudulent representations.[5] The intent element is not necessary under § 1344(2) to properly establish this crime within the Indictment. Thus, Manlove's motion to dismiss Counts 122 and 123 is denied.

Accordingly, IT IS ORDERED:

1. Defendant Manlove's First Motion to Dismiss: Count 127 (Doc. 88) is DENIED.

2. Defendant Manlove's Second Motion to Dismiss: Counts 132–218 (Money Laundering) (Doc. 90) is DENIED.

3. Defendant Manlove's Third Motion to Dismiss: Counts 2–121 (Wire Fraud) (Doc. 92) is DENIED.

4. Defendant Manlove's Fourth Motion to Dismiss: The First Forfeiture Allegation (Wire Fraud) (Doc. 94) is DENIED.

5. Defendant Manlove's Fifth Motion to Dismiss: The Second Forfeiture

---

[5] Manlove further requests that the Court look to facts outside the four corners of the Indictment in determining the sufficiency of the counts alleged therein. The Court will not venture beyond the allegations in the Indictment, and will not make preliminary findings of fact on a motion to dismiss counts in the Indictment.

Allegation (Money Laundering) (Doc. 96) is DENIED.

6. Defendant Manlove's Sixth Motion to Dismiss: Counts 122 and 123

(Bank Fraud) (Doc. 150) is DENIED.

DATED this 5th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court