FILED

JAN 0 5 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br><br>Defendant. | CR 15–40–M–DLC–01<br><br>ORDER |

Before the Court are the following motions: (1) Defendant's First Motion to Strike: Paragraphs 25 and 26 or Dismiss Count 1 (Doc. 98); (2) Defendant's Second Motion to Strike: Money Laundering and Wire Fraud Objects or Dismiss Count 1 (Doc. 100); (3) Defendant's Third Motion to Strike: Surplus and Prejudicial Language from the Second Superseding Indictment (Doc. 108). For the reasons given below, the Court denies all of Defendant's motions to strike.

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant George Leslie Manlove ("Manlove") is the former CEO of Vann's, Inc. ("Vann's"), a Montana corporation that owned and operated retail electronics and appliance stores throughout the state before declaring bankruptcy

in 2012. The Government alleges that Manlove, along with CFO Paul Nisbet, conspired to defraud their former employer.

Manlove was indicted on December 21, 2015 on 221 counts of conspiracy, bank fraud, wire fraud, money laundering, and bankruptcy fraud. He was arraigned on January 12, 2016. The Government submitted a Superseding Indictment on January 21, 2016 and a Second Superseding Indictment on March 18, 2016. At issue in Manlove's motions to strike is the Second Superseding Indictment (hereinafter "Indictment"), which includes the following counts:

- Count 1: Conspiracy in violation of 18 U.S.C. § 1343, 18 U.S.C. § 1344, 18 U.S.C. § 1014, 18 U.S.C. § 152, 18 U.S.C. § 1956, 18 U.S.C. §1957 and 18 U.S.C. § 2;

- Counts 2–121: Wire Fraud in violation of 18 U.S.C. § 1343 and 18 U.S.C. § 2;

- Counts 122 and 123: Bank Fraud in violation of 18 U.S.C. § 1344; and 18 U.S.C. § 2;

- Counts 124–127: False Statements in violation of 18 U.S.C. § 1014 and 18 U.S.C. § 2;

- Counts 128–131: Bankruptcy Fraud in violation of 18 U.S.C. § 152(4);

- Counts 132–218: Money Laundering in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2;

- Counts 219–221: Tax Fraud in violation of 26 U.S.C. § 7206(1);

- First Forfeiture Allegation: the property and proceeds of the alleged wire fraud scheme;

- Second Forfeiture Allegation: the property involved in the money laundering offenses;

- Third Forfeiture Allegation: the property and proceeds involved in the bank fraud offenses.

Through three separate motions, Manlove now moves the Court to strike select paragraphs and language within the Indictment. The Government opposes all three motions, each of which is addressed separately below.

## LEGAL STANDARD

The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect the defendant against "prejudicial or inflammatory allegations that are neither relevant nor material to the charges." *United States v. Ramirez*, 710 F. 2d 535, 544-45 (9th Cir. 1983). Thus, language in an indictment that is relevant to the charges is not surplusage, and a court need not balance relevance against prejudice in deciding such a motion. *See United States v. Laurienti*, 611 F.3d 530, 546–47 (9th Cir. 2010) (*citing United States v. Graves*, 5 F.3d 1546, 1550 (5th Cir. 1993)) ("Even if the use of the word "unlawful" could be considered prejudicial, we hold that that the district court nevertheless did not abuse its discretion because the allegation was relevant."). "For language to be struck from an indictment, it must

be irrelevant, inflammatory and prejudicial." *United States v. Coppola*, 2016 WL 7189818 (D. Mont. 2016).

Moreover, "[l]anguage in an indictment need not be essential to the charges but can be generally relevant to the overall scheme." *United States v. Johnson*, 262 F.R.D. 410, 414 (D. Del. 2009). Provided that the allegations are relevant and material, they are not surplusage if they detail facts that the government intends to prove at trial. *Laurienti*, 611 F.3d at 546–47.

## ANALYSIS

### I. First Motion to Strike: Paragraphs 25 and 26 or Dismiss Count 1

Manlove has moved to strike paragraphs 25 and 26 of the Indictment and/or to limit or dismiss Count 1, Conspiracy.[1] Paragraphs 25 and 26 of the Indictment read:

> 25. It was a purpose of the conspiracy to conceal and misrepresent the ongoing schemes perpetrated by the conspirators, thereby avoiding detection and enriching MANLOVE and NISBET.
>
> 26. It was a purpose of the conspiracy to conceal and misrepresent the true financial condition and status of Vann's in order to avoid detection of the defendants' fraudulent acts, thereby prolonging the period of the schemes to defraud and increasing

---

[1] Manlove also argues for dismissal of Count 1 in his second motion to strike. There is no appreciable difference between the arguments made regarding dismissal in the first motion to strike and the second motion to strike. The Court separately considers his arguments regarding dismissal within Subsection IV of this Order.

the personal benefits of both conspirators.

Manlove contends that the paragraphs must be stricken because they purport to allege objects of the conspiracy but do not allege criminal conduct. He argues that there can be no conspiracy where there is no crime and that neither "conceal[ing] and misrepresent[ing] the ongoing schemes" nor "conceal[ing] and misrepresent[ing] [Vann's] true financial condition" constitutes a crime. The Government asserts that the paragraphs should not be stricken because: their allegations are relevant and material; they detail facts the Government intends to prove at trial; and they provide evidence of both motive and context for the transactions at issue.

Manlove essentially presents a factual argument, claiming that the Government cannot meet its burden of proving conspiracy. However, before the Court is Manlove's motion to strike, and the factual argument he presents does not support this motion. Indeed, Manlove does not support his motion with a Criminal Rule or with case law addressing the specific issue of when it is appropriate to strike language from an indictment; rather, he cites to legal authority regarding the elements of conspiracy itself.

Under Rule 7(d) of the Federal Rules of Criminal Procedure, "the court may strike surplusage from the indictment or information." Here there is no

surplusage, and Manlove has not presented any other legal framework by which the paragraphs may be stricken. The allegations of Paragraphs 25 and 26 are relevant and material because they provide details that the government intends to prove at trial regarding the alleged schemes of wire fraud and money laundering. *See Laurienti*, 611 F.3d at 546–47. Manlove's alleged concealment and misrepresentation of the alleged fraudulent schemes are relevant to his mental state and to the existence of a fraudulent scheme. Additionally, paragraphs 25 and 26 provide context for the specific counts of conspiracy, wire fraud, and money laundering the Government seeks to prove at trial.

## II. Second Motion to Strike: Money Laundering and Wire Fraud Objects or Dismiss Count 1

Manlove has also moved to strike all language in the Indictment referring to money laundering and/or wire fraud as an object of the conspiracy alleged in Count 1. Essentially, he seems to argue that because he cannot be found guilty of money laundering or wire fraud, the Government cannot show conspiracy, which cannot exist where there has been no underlying crime. Manlove's motion centers on arguments made in two separately filed motions to dismiss, in which he seeks dismissal of all counts of wire fraud and money laundering. For the reasons given in this Court's Order on Manlove's second and third motions to dismiss, the Court

finds that the Indictment adequately alleges money laundering and wire fraud. Thus, these crimes, if proven, may appropriately be the objects of the conspiracy alleged in Count 1. This theory is more fully addressed in Subsection IV of this Order.

As to Manlove's arguments for striking specific language from the Indictment, the Government argues that any reference to money laundering and wire fraud as objects of the conspiracy: is relevant and material, details facts the Government intends to prove at trial, and provides evidence of motive and context. The Court agrees. The allegations in the Indictment referring to Manlove's alleged participation in a scheme to commit wire fraud and/or money laundering support the elements of the charged offenses. They detail the government's position regarding Manlove's conduct and mental state, and they provide context for the charged offenses.

In his reply brief, Manlove claims that the Government has misrepresented his position, contending that he did not move to strike any language as irrelevant but rather that "he has moved to dismiss the wire fraud counts because none of the 48 enumerated overt acts support a conviction for wire fraud." (Doc. 179 at 5.) Manlove has raised no alternative theory in favor of striking any language from the Indictment. To the extent that the second motion to strike may more

accurately be construed as a motion to dismiss, the Court addresses Manlove's arguments in Subsection IV of this Order.

## III. Third Motion to Strike: Surplus and Prejudicial Language from the Second Superseding Indictment

Manlove also moves the Court to strike all language within the Indictment describing "bad acts" that do not expressly involve the use of interstate wire communications. The Government contends that these paragraphs are relevant and material to the overall scheme to defraud. The Court agrees.

The parties do not dispute that the language at issue should not be stricken if it is relevant to the charged fraudulent scheme as a whole. The disagreement stems from the parties' understandings of whether the acts alleged in the Indictment may provide support for the Government's argument that Manlove participated in a scheme to defraud using interstate wire communications.

"The wire fraud statute criminalizes conduct by any person who, 'having devised or intending to devise any scheme or artifice to defraud, . . . transmits or causes to be transmitted by means of wire . . . communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice. . . .'" *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (quoting 18 U.S.C. § 1343). Thus, "the commission of . . . [a]

wire fraud offense necessarily includes a fraudulent scheme as a whole . . . , including additional executions of the scheme that were not specifically charged . . . ." *United States v. Lo*, 839 F. 3d 777, 793 (9th Cir. 2016); *see also Jinian*, 725 F.3d at 960–61; *United States v. Woods*, 335 F.3d 993, 997 (9th Cir. 2003).

None of the "bad acts" to which Manlove objects is a standalone charged offense. However, each is relevant to the overall fraudulent scheme the government must prove at trial. For example, Manlove asks to strike language from the indictment about how the alleged proceeds from his alleged fraudulent conduct were spent and about his use of company funds to provide benefits for family members. These paragraphs are relevant and material to the charges because they support the government's theories regarding motive and the commission of the overall fraudulent scheme, and they cannot be stricken. *See United States v. Terrigno*, 838 F.2d 371, 373 (9th Cir. 1998). To succeed at trial, the government must show more than the misappropriation of company funds via interstate wire communications. It must show that Manlove "devised or intend[ed] to devise" a scheme to defraud Vann's. The paragraphs Manlove seeks to strike go directly to the existence of a fraudulent scheme and to Manlove's intent.

**IV. Motion to Dismiss Count 1**

In his first and second motions to strike, Manlove also seeks dismissal of

Count 1, Conspiracy. As discussed above, the arguments Manlove has raised in favor of his motions to strike are unsuccessful. Because the Court does not strike any language from the Indictment, it cannot dismiss Count 1 as a result of changes to the substance of the Indictment. To the degree that Manlove seeks dismissal of Count 1 on other grounds, the Court finds his arguments unavailing.

Manlove appears to argue that the Conspiracy charge must be dismissed because the Government has failed to allege all elements of the underlying crimes of wire fraud and money laundering. As discussed in this Court's order denying Manlove's motion to dismiss, filed concurrently with this Order, the Government has met its burden of alleging the elements of the underlying crimes. *See* Fed. R. Crim. P. 7(c)(1) (requiring that an indictment be a "plain, concise and definite written statement of the essential facts constituting the offense charged"); *United States v. Davis*, 336 F.3d 920, 922 (9th Cir. 2003) ("An indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."). Thus, Manlove's theory cannot succeed, and Count 1 will not be dismissed.

Accordingly, IT IS ORDERED:

1. Defendant Manlove's First Motion to Strike: Paragraphs 25 and 26 or Dismiss Count 1 (Doc. 98) is DENIED.

2. Defendant Manlove's Second Motion to Strike: Money Laundering and Wire Fraud Objects or Dismiss Count 1 (Doc. 100) is DENIED.

3. Defendant Manlove's Third Motion to Strike Surplus and Prejudicial Language from the Second Superseding Indictment (Doc. 108) is DENIED.

DATED this 5th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court