FILED

JAN 0 5 2017

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br><br>Defendant. | CR 15–40–M–DLC–01<br><br>ORDER |

Before the Court is Defendant's Response to the Court's Order Setting a Final Pre-Trial Conference.[1] The final pretrial conference ("FPTC") will proceed as scheduled on January 13, 2017. The Court takes this opportunity to respond to Defendant's concerns about the scheduling of the FPTC and to address the issues raised in Defendant's brief.

Defendant suggests that an earlier date would allow him to better prepare for trial. FPTCs are generally held on the morning of trial, but the Court scheduled the FPTC in this case earlier than is customary in order to ensure that the parties have adequate time for preparation. The Court agrees with Defendant

---

[1] The Government has also filed a Motion for Permission to File Response to Manlove's Response to the Court's Order Setting a Final Pre-Trial Conference. (Doc. 199.) The Court denies the Government's motion as moot.

-1-

that an earlier date is preferable in this instance, given the nature and number of charges that have been brought. However, the parties will file important documents after Defendant's preferred date of January 9, 2017. As stated in this Court's December 12, 2016 order partially granting Defendant's motion to continue, the parties shall file jury instructions and trial briefs on January 12, 2017. (Doc. 147 at 4.) The Government's trial notebook is also due on January 12, 2017. (Doc. 8 at ¶ 21.) Thus, the ordered FPTC date of January 13, 2017 will best allow the parties and the Court to consider these filings and adequately prepare for trial.

In his response, Defendant also raises nine issues he would like to address at the FPTC. Because the Court is largely able to address these issues at this time, it does so now, addressing Defendant's concerns in the order in which they were raised.

## Issue A: Does the Court require any clarification of a party's argument on any pre-trial motion upon which the Court has not yet ruled?

The Court does not require clarification. The parties have fully briefed the Court on their motions, and the Court anticipates ruling on all motions well in advance of the FPTC.

## Issues B, C, and D: If the Court issues a Rule 615 Order, what will be its scope?

The Court does not anticipate issuing a Rule 615 Order sua sponte. At this stage, neither party has requested the exclusion of witness pursuant to Federal Rule of Evidence 615. However, if either party asks for exclusion under Rule 615, the Court does not have discretionary authority. If exclusion is requested, the Court "must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. In that event, the witnesses would not be able to communicate with each other about their testimony until both had testified. Nor could the witnesses communicate through the parties present at trial. Finally, unless the parties otherwise stipulate, expert witnesses will similarly be excluded.

Again, neither party has requested exclusion. However, if a party does so, the Court will be bound to issue an order to the full extent of the party's request. If both parties agree to narrow the scope of a Rule 615 Order to allow some communication between witnesses, the Court will honor that agreement.

**Issue E: Will the Court allow re-cross examination?**

The Court generally does not allow re-cross examination. However, there is one narrow exception to the rule. Re-cross will be allowed only if: (1) new material is presented on re-direct; and (2) the new material is prejudicial.

**Issue F: How long does the Court expect trial to last, and will the Court restrict the amount of time either party has to present its case?**

The Court does not currently have an expectation regarding how long trial will last, and it will not restrict either party's time to present its case. The expected length of trial will be a subject of discussion at the FTPC on January 13. In any event, the Court expects that both parties will: proceed expeditiously, not call multiple witnesses to the stand to testify as to the same matter, and ensure that witnesses are available to testify at the appropriate times.

**Issue G: Will the parties be expected to exchange exhibits before trial?**

Per the scheduling order entered January 26, 2015, the Government will submit its trial notebook on January 12, 2016, which must include an exhibit list. (Doc. 15 at ¶ 21.) The scheduling order also provides that both parties must submit their exhibits immediately before trial. (Doc. 15 at ¶ 19.) In this instance, however, to allow the parties and the Court additional preparation, the parties shall bring their trial exhibits, including their "will" and "may" introduce exhibit lists, to the FPTC on January 13, 2017. Although the parties will submit exhibits earlier than contemplated in the scheduling order, the parties are to otherwise comply with its requirements. (*See* Doc. 15 at ¶ 19.)

**Issue H: Whether, recognizing Defense Counsel's duty to tell the truth as mandated by Section (1) of the preamble to the Montana Rules of Professional Conduct and Defense Counsel's absolute duty of candor to this tribunal, Defense Counsel will be able to truthfully advise the Court that the Defense will be ready to proceed to trial on January 17, 2017, given the spate**

-4-

**of additional discovery the Prosecution has recently delivered to Defense Counsel?**

The Court cannot advise Defense Counsel as to his professional obligations under the Montana Rules of Professional Conduct. However, the Court will take this opportunity to point out that it has granted three of Defendant's motions to continue, ultimately changing the date of trial from March 21, 2016 to January 17, 2017 (Docs. 8, 26, 64, 147.) The Second Superseding Indictment was filed ten months before trial will begin.

The Court will not grant another continuance.[2] Although this is a relatively complex case, the parties have had sufficient time to prepare for trial. On December 12, 2016, the Court granted a continuance following the Government's production of approximately 2000 pages of discovery. (Doc. 147.) Following that order, the Government has produced an additional 199 pages. (Doc. 198–1 at 5.) Although the Government's continued production of discovery may make Defense Counsels' work more difficult, at this stage it appears to be neither extreme nor unusual. The Court has every confidence in the abilities of lead Defense Counsel, a seasoned white-collar criminal defense attorney, to meet his obligations to his client and to the Court.

---

[2] See also this Court's recently filed order in response to Defendant's objections regarding anticipated evidence and expert testimony. (Doc. 202.)

**Issue I: Will the Government raise any additional issues before trial?**

The Court does not know whether the Government will raise any additional issues before trial. The motions deadline has passed, and any remaining issues may be brought to the Court's attention at the FPTC on January 13, 2017.

Accordingly, IT IS ORDERED:

1. Defendant Manlove's Response to the Court's Order Setting a Final Pretrial Conference (Doc. 198) is DENIED.

2. The United States' Motion for Permission to File Response to Manlove's Response to the Court's Order Setting a Final Pre-Trial Conference (Doc. 199) is DENIED as moot.

DATED this 5th day of January, 2017.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court