IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

JAN 09 2017

Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br><br>Defendant. | CR 15-40-M-DLC-01 |

Before the Court are Defendant George Leslie Manlove's ("Manlove") motions in limine 1A–1J (Docs. 110, 112, 113, 114, 116, 118, 120, 122, 124, 126), motion in limine 2 (Doc. 128), motion in limine 3 (Doc. 130), and motion in limine 4 (Doc. 132). The Government opposes all motions with the exception of Manlove's motions in limine 1B and 1C. At the outset, the Court's overriding goal in this case is to facilitate efficient presentation of the relevant evidence, and, to the extent possible, preclude irrelevant and extraneous matters at the time of trial. With this goal in mind and for the reasons briefly explained below, the Court grants motions in limine 1A, 1B, 1C, 1G, 1I, 1J, and 3, grants in part motion in limine 4, and denies motions in limine 1D, 1E, 1F, 1H, and 2.

1

## PROCEDURAL AND FACTUAL BACKGROUND

Defendant George Leslie Manlove ("Manlove") is the former CEO of Vann's, Inc., a Montana corporation that owned and operated retail electronics and appliance stores throughout the state before declaring bankruptcy in 2012. On December 21, 2015, Manlove was indicted on 221 felony criminal counts. The Government alleges that Manlove, along with CFO Paul Nisbet, conspired to defraud their former employer.

On December 2, 2016, Manlove filed 13 motions in limine including:

- Motion in Limine 1A – Facts Not in the Record (Doc. 110)

- Unopposed Motion in Limine 1B – Burden of Proof (Doc. 112)

- Unopposed Motion in Limine 1C – Failure to Testify (Doc. 113)

- Motion in Limine 1D – Expert Testimony not Timely Disclosed (Doc. 114)

- Motion in Limine 1E – Statements of George Leslie Manlove (Doc. 116)

- Motion in Limine 1F – Evidence not Produced Prior to December 2, 2016 (Doc. 118)

- Motion in Limine 1G – George Leslie Manlove's Criminal Record (Doc. 120)

- Motion in Limine 1H – Preclude or Strike Testimony of Witness for Whom Jencks Material has not been Provided

(Doc. 122)

- Motion in Limine 1I – Public Sentiment (Doc. 124)

- Motion in Limine 1J – Uncharged Conduct: Order the Prosecution to Provide Notice of an Intent to Introduce 404(b) Evidence (Doc. 126)

- Motion in Limine 2 – Facts not Found by the Grand Jury (Doc. 128)

- Motion in Limine 3 – Statements of Co-Defendant After the Alleged Conspiracy (Doc. 130)

- Motion in Limine 4 – Evidence of Damages or Causation (Doc. 132)

The Court will address the merits of each motion below.

## LEGAL STANDARD

A motion in limine is used to preclude prejudicial or objectionable evidence before it is presented to the jury. The decision on a motion in limine is consigned to the district court's discretion—including the decision of whether to rule before trial at all. *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999). A motion in limine "should not be used to resolve factual disputes or weigh evidence." *BNSF Ry. v. Quad City Testing Laboratory, Inc.*, 2010 WL 4337827 at *1 (D. Mont. 2010). Evidence shall be excluded in limine only when it is shown that the evidence is "inadmissible on all potential grounds." *See, e.g., Ind.*

*Ins. Co. v. Gen. Elec. Co.*, 326 F.Supp.2d 844, 846 (N.D.Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *BNSF*, 2010 WL 4337827 at *1. "This is because although rulings on motions in limine may save time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." Rulings on motions in limine are provisional and the trial judge may always change his mind during the course of trial. *Luce v. United States*, 469 U.S. 38, 41 (1984).

## DISCUSSION

### I. Motion in Limine 1A: Facts not in the Record

By his first motion in limine, Manlove moves to preclude the Government from mentioning or alluding to facts not in the record or reasonably expected to be in the record, including opinions about Manlove's culpability or the credibility of any prosecution witness. (Doc. 110 at 1–2.) The Government informed the Court in its response brief that it is aware of its obligation—which extends to both parties— to refrain from arguing facts not in evidence. Thus, this point is conceded. Furthermore, the Government cannot vouch for the credibility of prosecution witnesses. Therefore, the Court grants this motion as to both parties'

4

obligation to only argue facts established by the evidence.

## II. Motion in Limine 1B: Burden of Proof

Manlove moves to preclude the Government and Government witnesses from suggesting that Manlove has the burden of proof, including a duty to present witnesses or evidence, other than to present sufficient evidence so as to raise a defense which the Government would then be required to rebut beyond a reasonable doubt. The Government does not oppose this motion. Therefore, this motion is granted.

## III. Motion in Limine 1C: Failure to Testify

Manlove moves to preclude the Government and Government witnesses from mentioning that Manlove has failed to testify. The Government does not oppose this motion. Therefore, this motion is granted.

## IV. Motion in Limine 1D: Expert Testimony not Timely Disclosed

Manlove also seeks to preclude expert testimony from any Government witness that was not disclosed on or before December 16, 2016, and for rebuttal witnesses not disclosed before January 2, 2017. The Government contends that all of the expert witnesses it intends to call have been timely disclosed. This motion is denied as premature. All issues associated with the expert witnesses will be addressed pursuant to the Court's January 5, 2017 order. (Doc. 202.)

## V. Motion in Limine 1E: Statements of George Leslie Manlove

Manlove moves to preclude the Government from mentioning or alluding to in voir dire, opening statement, examination of any witness, or closing argument any oral or written extrajudicial statement made by Manlove, or any person allegedly capable of binding and/or speaking for Manlove, except what is found in:

a. Mr. Manlove's § 2004 statement given in the bankruptcy proceedings;

b. Mr. Manlove's deposition as an individual given in the related civil case;

c. Mr. Manlove's deposition as the President of Painted Sky, LLC given in the related civil case; and

d. The text of the Second Superseding Indictment.

The Government cites to Federal Rule of Criminal Procedure 16 and Rule of Evidence 801(d)(2) in support of its position that there may be certain instances where Manlove's statements would be admissible. Because no evidence has been offered, the Court denies this motion as premature.

## VI. Motion in Limine 1F: Evidence not Produced Prior to December 2, 2016

Manlove moves to preclude the Government from mentioning in voir dire, opening statement, witness examinations, or closing argument any physical

evidence in the possession of the Prosecutor or any agency involved in the investigation of this case including without limitation:

a. the FBI,

b. U.S. Department of the Treasury,

c. U. S Bankruptcy Trustee of the Department of Justice or its attorneys or representatives, and

d. U. S. Department of Labor,

that has not been produced for inspection and copying prior to December 2, 2016, or which comes into the possession of the Government or an investigating agency in this case after December 2, 2016 and has not been produced for inspection and copying by Defense Counsel within three days of December 2, 2016. The Government contends that it has a continuing duty to comply with the rules of discovery and produce discoverable evidence to Manlove prior to trial. The Government has already produced more discovery since December 2, 2016. The Court agrees that there is a continuing obligation upon the Government to disclose material, and that additional discovery has been produced and that more discovery may become available. Therefore, the Court denies this motion.

## VII. Motion in Limine 1G: George Leslie Manlove's Criminal Record

Manlove moves to preclude the Government from referencing Manlove's

criminal record. The Government agrees that Manlove has no criminal record and, consequently, that there is nothing the Government could introduce on this subject. Therefore, this motion is granted.

## VIII. Motion in Limine 1H: Preclude or Strike Testimony of Witness for whom Jenks Material has not been Provided

Manlove moves to preclude the Government from mentioning or alluding to in voir dire, opening statement, witness examinations, or closing argument proposed testimony or testimony of any Government trial witness the identity of whom was not disclosed or for which Jencks material has not been produced and to strike the testimony of any Government witness called at trial or any pretrial hearing if the Government has not produced all prior statements of that witness at or before the time the Government finishes its direct examination of said witness. The Government contends that under the Jencks Act, law enforcement memoranda from interviews of witnesses are not a "statement" under the Jenks Act and are not discoverable. The Government also argues that Manlove's motion to strike witness testimony in the event all prior statements are not produced is premature. The Court agrees. Thus, this motion is denied as premature, and the Court reserves ruling on whether the Government has complied with its Jencks obligations until witnesses are called at trial.

## IX. Motion in Limine 1I: Public Sentiment

Manlove moves to preclude the Government from mentioning or alluding to in voir dire, opening statement, examination of any witness, or closing argument any appeal to public sentiment or sympathy or suggesting that by reaching a particular verdict in this case, the jury can help cure a social, economic or political problem. The Government alleges that no party may properly appeal for a verdict on a basis other than the evidence in the record, and that it will comply with this obligation. Therefore, this motion is granted. Neither party shall appeal to public sentiment or sympathy.

## X. Motion in Limine 1J: Uncharged Conduct

Manlove moves the Court to order the Government to provide notice of an intent to introduce evidence pursuant to Federal Rule of Evidence 404(b) and to preclude the Government from mentioning other wrongs or acts for which Manlove is not charged. The Government stated that it does not intend to introduce 404(b) evidence in this case. Therefore, this motion in granted.

## XI. Motion in Limine 2: Facts not Found by the Grand Jury

Manlove moves to preclude the Government from referencing facts not found by or presented to the grand jury. The Government contends that the evidence presented to a grand jury under a "probable cause" standard and the

evidence presented to a jury under a "beyond a reasonable doubt" standard are much different, and that the Government must produce more evidence at trial to meet its higher burden. The Government is correct—this motion is denied.

## XII. Motion in Limine 3: Statements of Co-Defendant after the Alleged Conspiracy

Manlove moves to preclude the Government from mentioning in voir dire, opening statement, examination of any witness, or closing argument the statement of the co-defendant or any unindicted co-conspirator made after the lapse of the alleged conspiracy, unless the Government is using those statements to impeach its own witness. The Government states that it does not intend to introduce statements of Manlove's co-defendant or any other co-conspirator made after the conspiracy ended and which was not in furtherance of the conspiracy. Therefore, this motion is granted.

## XIII. Motion in Limine 4: Evidence of Damages or Causation

Finally, Manlove moves to preclude the Government from mentioning or alluding to in voir dire, opening statement, examination of any witness, or closing argument evidence of justifiable reliance, causation or damages suffered by any alleged victim in this case. The Government claims that the evidence it may offer at trial as to causation or damages relate to the element of materiality under the

federal statutes charged in the Indictment. Thus, this motion is granted in part. The Court will only allow admission of evidence or witness testimony regarding causation or damages that support or are relevant to the crimes charged in the Indictment.

Accordingly, IT IS ORDERED:

(1) Manlove's motions in limine 1A, 1B, 1C, 1G, 1I, 1J, and 3 (Docs. 110, 112, 113, 120, 124, 126, and 130) are GRANTED as indicated above.

(2) Manlove's motion in limine 4 (Doc. 132) is GRANTED IN PART. The Court will not allow evidence of causation or damages unless that evidence supports or is relevant to the crimes charged in the Indictment.

(3) Manlove's motions in limine 1D, 1E, 1F, 1H, and 2 (Docs. 114, 116, 118, 122, and 128) are DENIED as indicated above.

DATED this 9th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court