IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GEORGE LESLIE MANLOVE,<br><br>Defendant. | CR 15–40–M–DLC<br><br>ORDER |

Before the Court are the issues of the scope and admissibility of the

testimony of defense witness David Cotner. The Court has conducted an *in*

*camera* review of the discovery materials produced by David Cotner and

Datsopoulos, MacDonald & Lind, P.C., pursuant to this Court's January 27, 2017

Order. (Doc. 269.) On January 30, 2017, the Government filed a motion to strike

anticipated testimony of witness David Cotner and a supporting brief. (Docs. 270,

271.) The Court also held a hearing on January 30, 2017, outside the presence of

the jury, regarding the intended expert witness testimony of Mr. Cotner. For the

reasons given below, the Court will limit Mr. Cotner's testimony, regardless of

whether this testimony is opinion or factual in nature. Further, should Mr. Cotner

offer testimony that he expressly advised Defendant George Leslie Manlove

-1-

("Manlove") at the time the Painted Sky, LLC proof of claim was filed in the Vann's Inc. bankruptcy regarding the validity and/or enforceability of the Painted Sky, LLC lease agreement with Vann's, Inc., Datsopoulos, MacDonald & Lind, P.C. shall produce additional documents related to that testimony as explained further in this order.

## PROCEDURAL AND FACTUAL BACKGROUND

On January 17, 2017, the criminal trial against Defendant Manlove commenced. Prior to trial, on December 16, 2016, Manlove filed a notice of expert disclosure for attorney David Cotner of the law firm Datsopoulos, MacDonald & Lind, P.C. ("DML"). (Doc. 162). That bare-bones and inadequate notice generally identified the documents and information reviewed by Mr. Cotner in anticipation of his expert testimony, and indicated that Manlove's counsel was preparing a summary of Mr. Cotner's expert opinions which would be finalized soon thereafter and produced to the Government. (Doc. 162 at 2–4.) On January 12, 2017, Manlove filed a supplemental expert witness disclosure with this Court. (Doc. 218.) While Manlove did not provide the Court or opposing counsel with an expert report from Mr. Cotner, the supplemental notice references the following subjects that Mr. Cotner is expected to testify on:

1.    The validity and/or enforceability of the Painted Sky, LLC lease with

-2-

Vann's, Inc. (Doc. 218 at 3, paragraph 1);

2.   The proof of claim filed by Painted Sky, LCC against Vann's, Inc. in
     the underlying bankruptcy case, 12-61281-JLP (Doc. 218 at 4,
     paragraph 2);

3.   Information related to Mr. Cotner's former clients Rob Standley,
     Mark Hopwood, JPEG, LLC, GMRP, LLC, GMP, LLC, and Painted
     Sky, LLC (Doc. 218 at 4, paragraph 3);

4.   Loan documents used by First Interstate Bank (Doc. 218 at 4–5,
     paragraph 4);

5.   The roles of officers, directors, and trustees of Vann's, Inc. (Doc. 218
     at 5, paragraph 5); and

6.   The Business Judgment Rule (Doc. 218 at 5–6, paragraph 6).

The Government did not initially provide a response to this supplemental

expert witness disclosure, but has repeatedly noted its concerns regarding the

expert witness testimony of Mr. Cotner during trial.  Specifically, Manlove did not

provide the Government with any documents relating to the expected testimony of

Mr. Cotner.[1]  Consequently, the Government sent a subpoena to DML and Mr.

---

[1] Manlove has filed multiple motions *in limine* and motions to produce regarding the
timeliness of expert disclosures and production of discovery by the Government.  (*See, e.g.*,
Docs. 114, 115, 118, 119, 122, 123, 138, 139, 140, 141, 197.)  Ironically, now the Court is
dealing with a last minute expert disclosure by Manlove, which was disclosed only days before
trial on January 12, 2017.  (Doc. 218.)  Not only is the disclosure arguably untimely, it is also
insufficient.  Consequently, the roles are reversed and now the Government has not had adequate
time to prepare its cross examination of Mr. Cotner.  Nevertheless, this ruling on Mr. Cotner's
testimony is not based on the timeliness or sufficiency of the disclosure.  Instead, the Court has
elected to address the admissibility of the testimony of Mr. Cotner on the merits.

Cotner requesting production of records regarding Mr. Cotner's representation of various clients related to this criminal case. (Doc. 261.) Mr. Cotner produced some documents to the Government, but also responded that he would not produce other documents based on the attorney-client privilege and work-product doctrine, which were listed on a privilege log. (Doc. 233-3.) The Government subsequently filed a motion and brief to submit records for *in camera* inspection and a request for a status conference. (Doc. 233). The Court then, sua sponte, ordered additional documents to be produced by DML for an *in camera* review. (Doc. 269.)

During trial on January 27, 2017, the Court, outside the presence of the jury, elicited from counsel further information regarding the opinions of Mr. Cotner that Manlove disclosed in Document 218. It is clear that Manlove intends to assert an "advice of counsel" defense, specifically that he relied on Mr. Cotner's advice in filing the Painted Sky, LLC proof of claim in the Vann's, Inc. bankruptcy. In the course of the discussion, which involved a detailed review of Document 218, it was brought to this Court's attention that Manlove intends to have Mr. Cotner offer opinions on multiple subjects beyond the advice he gave to Manlove regarding the filing of the Painted Sky, LLC proof of claim.

The Government's position regarding all of Mr. Cotner's proposed

testimony is detailed in the aforementioned motion to strike and supporting brief.

The Court has determined that Manlove will be allowed to assert an advice of counsel defense. Thus, Mr. Cotner's testimony will be limited to that defense. All other opinions referenced in Document 218 will not be allowed, as explained below.

## LEGAL STANDARD

The district court has broad discretion over trial management. *United States v. Wellington*, 754 F.2d 1457, 1469 (9th Cir. 1985). In ruling on the admissibility of expert testimony, a trial court's judgment will stand unless it "abused its wide discretion or committed manifest error," resulting in prejudice. *United States v. Christophe*, 833 F.2d 1296, 1299 (9th Cir. 1987).

In the Ninth Circuit, "[a]dvice of counsel is not regarded as a separate and distinct defense but rather as a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of fraudulent intent." *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961). To succeed on an advice of counsel defense, Manlove must show: (1) that "he fully advised his attorney" of the action he intended to take by disclosing all relevant facts; (2) that his attorney gave specific advice regarding that action; and (3) that he "followed that exact advice in good faith." *United States v. Bush*, 626 F.3d 537, 539 (9th Cir. 2010).

## I.     Expert Opinions of Mr. Cotner[2]

### 1.     The validity of the Painted Sky, LLC lease.

Manlove intends to introduce expert opinion testimony from Mr. Cotner that the lease between Painted Sky, LLC and Vann's, Inc. was valid and/or enforceable. Mr. Cotner's expert disclosure explains that Mr. Cotner had knowledge of the commitment of the Vann's Board of Directors to honor the Painted Sky, LLC lease, that he reviewed relevant minutes of the Vann's Board of Directors' meetings, and was privy to correspondence between Vann's and Painted Sky, LLC. Thus, based on his background surrounding the lease agreement, he intends to generally opine that the Painted Sky, LLC lease was valid.

Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony. Rule 702 requires that the testimony "help the trier of fact to understand the evidence or to determine a fact in issue" and that the expert be sufficiently qualified to give the opinion. Fed. R. Evid. 702. However, expert testimony should be excluded "if it concerns a subject improper for expert testimony, for example, one that invades the province of the jury." *United States*

---

[2] The Court's analysis tracks the opinions found in paragraphs 1 through 6 of Mr. Cotner's supplemental expert disclosure. (Doc. 218.)

*v. Lukashov*, 694 F.3d 1107, 1115–1116 (9th Cir. 2012) (internal citations omitted). Furthermore, pursuant to Federal Rule of Evidence 704(b), an expert witness "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). Rule 704(b) further provides that the reason for this rule is because these are matters "for the trier of fact alone." *Id.*

The Court finds that any expert opinion by Mr. Cotner regarding the validity of the Painted Sky, LLC lease invades the province of the jury.[3] Extensive testimony from multiple witnesses has been introduced and multiple exhibits have been offered and admitted at trial regarding the lease between Painted Sky, LLC and Vann's. Mr. Cotner's opinions would not help the jury understand the evidence or determine a fact in issue, but would only confuse the jury by allowing an expert to testify as to the validity of the lease. He would simply be telling the jury what to conclude regarding the validity of the lease, an important factual issue in this case. It is up to the jury to consider and weigh all the evidence and witness

---

[3] This ruling does not apply to advice Mr. Cotner may have expressly communicated to Manlove regarding the validity of the Painted Sky, LLC lease at the time the Painted Sky, LLC proof of claim was filed in the Vann's bankruptcy, which is a **significantly narrower** subject than the opinions found in paragraph 1 of Document 218, and which most likely is a statement of fact, e.g. "I told Mr. Manlove that I felt the Painted Sky lease was valid." The Court also notes that the proof of claim itself (Trial Ex. 219) has attached to it the documents supporting the proof of claim, which may further serve to limit Mr. Cotner's testimony on this subject.

testimony, and then determine if the Painted Sky, LCC lease agreement was valid. Therefore, Mr. Cotner may not opine on this issue.

Mr. Cotner is also expected to testify as to his impression of Manlove's position about Vann's declaring bankruptcy. Manlove's thoughts regarding the options available to Vann's, whether it was an orderly liquidation sale or bankruptcy, should be the subject of testimony by Manlove himself, not by Mr. Cotner.[4] Thus, Mr. Cotner may not testify as to Manlove's thinking regarding bankruptcy. It is entirely speculative, and further violates Rule 704(b).

## 2. The proof of claim filed by Painted Sky, LCC.

Mr. Cotner's testimony about the proof of claim filed by Painted Sky, LLC against Vann's, Inc. in the underlying bankruptcy case is relevant to Manlove's advice of counsel defense. The Court understands that Mr. Cotner is expected to testify that he advised Manlove to file the proof of claim. Therefore, this testimony will be allowed. However, Mr. Cotner's testimony will be limited to the advice expressly given to Manlove at the time the Painted Sky, LLC proof of claim was filed.

## 3. Information related to Mr. Cotner's former clients Rob Standley, Mark Hopwood, JPEG, LLC, GMRP, LLC, GMP, LLC, and Painted Sky, LLC.

---

[4] Counsel for the Defendant has represented to the Court that Manlove will testify at trial.

Mr. Cotner has represented multiple parties connected to this criminal case, and in the underlying civil case and bankruptcy case. Those clients include Vann's, Inc., George Manlove, Jill Manlove, Rob Standley, Mark Hopwood, JPEG, LLC, GMRP, LLC, GMP, LLC, and Painted Sky, LLC. It is unclear to the Court how Mr. Cotner's representation of these parties and their respective roles in the civil or bankruptcy proceedings is relevant to the advice Mr. Cotner gave to Manlove regarding the filing of the proof of claim. Therefore, unless it is established that Mr. Cotner's representation of these clients is relevant to the advice given to Manlove regarding the filing of the proof of claim, this evidence will not be allowed.[5]

## 4. Loan documents used by First Interstate Bank.

Manlove intends to introduce expert opinion testimony from Mr. Cotner that the First Interstate Bank loan documents were not unusual. This testimony is misleading and unnecessary. Ryan Jones from First Interstate Bank already testified at length about these loan documents. There is no contention from the

---

[5] The Court cautions Mr. Cotner about his attorney-client relationships with his former clients. Pursuant to the Montana Rules of Professional Conduct, it would behoove Mr. Cotner to get waivers from all of his former clients—particularly Vann's, Inc. and Painted Sky, LLC—if he intends to testify to confidential communications he had with these entities. The Court understands that Mr. Nisbet, a former member of JPEG, LLC, GMRP, LLC and GMP, LLC, and also a personal client of Mr. Cotner at various times, has not waived his attorney-client privilege. (Doc. 271 at 2, fn. 1.)

Government that the loan documents were "unusual." Further, any expert testimony from Mr. Cotner regarding these loan documents invades the province of the jury. *See* Fed. R. Evid. 702. Therefore, no expert testimony from Mr. Cotner about the usual or unusual nature of the First Interstate Bank loan documents will be allowed.

## 5.     The roles of officers, directors, and trustees of Vann's, Inc.

Manlove seeks to introduce Mr. Cotner's opinions regarding the roles of Vann's directors and employees, including Manlove himself. Manlove also hopes to introduce as evidence Mr. Cotner's opinion regarding Manlove's compliance with Vann's corporate governance documents.

Not only is this testimony entirely unnecessary, but it falls squarely within the province of the jury. The parties have introduced sufficient evidence regarding Vann's organizational structure, particularly Manlove's role, responsibilities, and expectations as CEO. Whether Manlove exceeded his authority is an issue of fact to be decided by the jury. The disclosed testimony would not assist the jury in understanding the evidence, and it will not be allowed. *See* Fed. R. Evid. 702.

## 6.     The Business Judgment Rule.

Manlove seeks to introduce testimony from Mr. Cotner regarding the business judgment rule, both as a general legal principle and as applied to the facts

of this case. The business judgment rule stands for the general proposition that a corporation's directors and officers are shielded from liability in a civil matter when their actions appear to serve a legitimate business interest. However, the business judgment rule has no role in this criminal proceeding.

The business judgment rule could not possibly excuse fraudulent behavior; rather, it simply prevents courts from second-guessing ordinary corporate decisions. *See F.D.I.C. v. Castetter*, 184 F.3d 1040, 1044 (9th Cir. 1999). Further, the Montana Supreme Court has already addressed this issue on a certified question posed by the Tenth Circuit, and found that "the business judgment rule does not apply to challenges based on a director's conflict of interest, a position commonly expressed by commentators." *Warren v. Campbell Farming Corp.*, 271 P.3d 36, 44 (Mont. 2011.) Thus, "where the director appears on both sides of a transaction the rule will not protect the decision or the director making it. . . . The business judgment rule does not protect corporate fiduciaries who engage in self-dealing or make decisions affected by inherent conflict of interest." *Id.* (internal citations and quotations omitted.) As such, the anticipated testimony would have no relevance in this case, and it will not be allowed.

## II.   Production of Additional Documents

As discussed above, Mr. Cotner's testimony will be limited to Manlove's

advice of counsel defense. Because the Court will allow this testimony, which the Court views as being factual in nature, the government is entitled to discovery of information relevant to the advice of counsel defense. However, because Mr. Cotner's testimony will be allowed for a limited purpose, that discovery will be similarly limited.

Although attorney-client communications are generally privileged, that privilege "may not be used as both a sword and a shield." *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). "Where a party raises a claim which in fairness requires disclosure of the protected communication"—as where a defendant raises an advice of counsel defense—privilege is waived. *Id.* In this instance, Manlove has waived the privilege by putting his communications with Mr. Cotner at issue.

The government is entitled to discover information which may support or refute Manlove's advice of counsel defense. As noted above, Manlove expects to use Mr. Cotner's testimony to demonstrate that Manlove lacked the requisite intent to commit fraud during the bankruptcy proceeding. Because of the nature of the advice of counsel defense, the documents that must be produced are those documents detailing the communications between Manlove and Mr. Cotner prior to Painted Sky's filing of the proof of claim in the bankruptcy claim.

-12-

The documents that must be produced include, at minimum, those which are relevant to Mr. Cotner's expected testimony, including those addressing the following issues: (1) Manlove's disclosure to Mr. Cotner of any and all facts relevant to the proof of claim; (2) Mr. Cotner's specific advice to Manlove regarding filing the proof of claim; and (3) Manlove's reception of Mr. Cotner's advice. Further, because Mr. Cotner's testimony may involve testimony regarding advice he gave to Manlove at the time the Painted Sky, LLC proof of claim was filed regarding the validity of the Painted Sky, LLC lease, as previously discussed in this order, Mr. Cotner and DML must produce all documents that may be relevant to such testimony.

Accordingly, IT IS ORDERED:

1.     Mr. Cotner's expert opinions will be limited to the advice he gave Painted Sky, LLC and Manlove regarding the proof of claim filed in the adversary bankruptcy case, 12-61281-JLP. No other testimony will be allowed, especially any testimony about his representation of other entities related to this criminal case, unless it is directly relevant to the advice given.

2.     Mr. Cotner shall produce to the Government additional documents related to the proof of claim filed by Painted Sky, LLC, as indicated

-13-

above. This production shall occur no later than 5:00 p.m. on

Tuesday, January 31, 2017, and before Mr. Cotner testifies at trial.

3.      The Government shall provide Mr. Cotner with a copy of this order.

DATED this 30th day of January, 2017.

Dana L. Christensen, Chief Judge
United States District Court