IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED

APR 03 2017

Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15–40–M–DLC–01 |
| Plaintiff, | |
| vs. | ORDER |
| GEORGE LESLIE MANLOVE, | |
| Defendant. | |

Before the Court is Defendant George Leslie Manlove's ("Manlove") renewed motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Following a three-week jury trial, the jury found Manlove guilty of 170 counts of wire fraud, money-laundering, bank fraud, false statements to federally insured lending institutions, bankruptcy fraud, and conspiracy to defraud Vann's, Inc. and others. The court reserved decision on Manlove's Rule 29 motion, pursuant to Federal Rule of Criminal Procedure 29(b). For the reasons explained below, the Court denies Manlove's motion.

## DISCUSSION

Rule 29(c) provides that a court may set aside a guilty verdict upon timely motion by a convicted defendant. The question presented to a court in such a

motion is "whether at the time of the motion there was relevant evidence from which the jury could reasonably find the defendant guilty beyond a reasonable doubt, viewing the evidence in light favorable to the government." *United States v. Dreitzler*, 577 F.2d 539, 545 (9th Cir. 1978) (citing *United States v. Figueroa-Paz*, 468 F.2d 1055, 1058 (9th Cir. 1972)). "In ruling on a Rule 29(c) motion, a district court must bear in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable inferences from proven facts." *Dreitzler*, 577 F.2d at 545 (internal citations and quotations omitted).

## I. Conspiracy

To be found guilty of conspiracy, the government must prove beyond a reasonable doubt that: (1) there was an agreement between two or more persons to commit at least one of the crimes charged in the Indictment; (2) the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and (3) one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy. 18 U.S.C. § 371; *United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir.2016). "The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope of the conspiracy and that their own benefits

depended on the success of the venture." *United States v. Montgomery*, 384 F.3d 1050, 1062 (9th Cir. 2004) (citing *United States v. Romero*, 282 F.3d 683, 687 (9th Cir. 2002)). A conspiracy may exist even if some members of the conspiracy cannot complete the offense, so long as the object of the conspiracy is that at least one conspirator complete the offense. *Ocasio v. United States*, 136 S.Ct. 1423, 1429–32 (2016).

With respect to the single count of conspiracy, the Indictment describes the objects of the conspiracy as "a purpose . . . to conceal and misrepresent the ongoing schemes . . . thereby avoiding detection and enriching MANLOVE and NISBET" and "to conceal and misrepresent the true financial condition and status of Vann's in order to avoid detection of the defendants' fraudulent acts." (Doc. 27 at 7.) The Indictment further lists multiple overt acts that the defendants conspired to accomplish: leaseback schemes, fraudulent loans, payment for Kellogg MBA tuition, unauthorized credit card charges, club memberships, jewelry transactions, family benefits, etc. (Doc. 27 at 9–19.) The government need only prove one of those overt acts.

Manlove argues that the government did not present sufficient evidence to establish that there was a scheme or plan between Manlove and Mr. Nisbet to commit any of the overt acts. The Court disagrees. The government presented

sufficient evidence at trial to support a finding, beyond a reasonable doubt, that Manlove and Mr. Nisbet had an agreement to commit at least one of the overt acts. In particular, the government's witness, Paul Lyn Nisbet, the co-defendant in this case, testified at length about his agreement with Manlove to purchase real estate and enter into fraudulent leaseback schemes between Vann's and the holding companies. Mr. Nisbet also explained his participation in the unauthorized credit card charges that Manlove made on the Vann's American Express Card. Based on this testimony alone, the Court concludes that any rational juror could have found that Manlove and Mr. Nisbet agreed to scheme and defraud Vann's. Thus, Manlove's Rule 29 motion regarding the count of conspiracy is denied.

## II. Wire Fraud

To be found guilty of wire fraud, the government must prove beyond a reasonable doubt that: (1) the defendant knowingly devised and participated in a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises; (2) the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, Vann's to part with its money or property; (3) the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and (4) the defendant used, or caused to be used,

a wire communication to carry out or attempt to carry out an essential part of the scheme. 18 U.S.C. § 1343; *Neder v. United States*, 527 U.S. 1, 20–21 (1999); *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

Manlove argues that the wire fraud counts also include an "agreement" element whereby Manlove and another individual must agree to each wire fraud count. The Court disagrees and believes that Manlove is conflating the conspiracy count with the wire fraud counts. Under the first element of wire fraud, it contemplates that the scheme or plan to defraud can be conducted by a single person. There is no reference to a scheme or plan between two or more people in any element of the offense. Thus, this argument is without merit.

Manlove further contends that Counts 2 through 85 of the Indictment, which consist of personal expenses made on Manlove's corporate American Express card, were legitimate business expenses and that he did not intend to deceive or cheat Vann's with respect to any of these expenses. The government offered into evidence many months of American Express credit card statements regarding each expense listed in the Indictment. Furthermore, Darrell Messmer, Gordon King, Jay Allen and Paul Nisbet—all long term employees of Vann's that worked alongside Manlove for years—testified during the government's case-in-chief about the accounting practices at Vann's and the expenses Manlove charged to his

corporate credit card. The testimony of these witnesses combined with the credit card statements was sufficient evidence for the jury to reasonably find the defendant guilty of wire fraud beyond a reasonable doubt. Of equal importance, the jury did not convict Manlove of counts 2 through 85 in total, but instead chose to convict him of only a select number of the wire fraud counts which demonstrates the attention the jury applied to the evidence. Therefore, the Court will not invade the exclusive function of the jury to determine the credibility of witnesses and resolve evidentiary conflicts related to these wire fraud counts.

Under Counts 86 through 121, which involve the wire fraud counts for the Painted Sky, LLC and JPEG, LLC leaseback schemes, Manlove argues that these were arms-length transactions, were approved by the Board of Directors, and that Manlove did not know the wires involved interstate transfers. The government offered into evidence the loan documents, bank statements, and transfer authorizations relating to the Painted Sky, LLC and JPEG, LLC accounts. The government also presented testimony from past members of the Vann's Board of Directors (William Honzel, Chris Abess, and Arlington Chris Price), Ryan Jones with First Interstate Bank, and Mark Hopwood regarding the wire transfers and the leaseback arrangements. The Court finds that this was sufficient evidence for the jury to reasonably find the defendant guilty beyond a reasonable doubt. Therefore,

the Court denies Manlove's Rule 29 motion on the wire fraud counts.

## III. Bank Fraud

To be found guilty of bank fraud, the government must prove beyond a reasonable doubt that: (1) the defendant knowingly devised a plan or scheme to obtain money or property from the financial institution by false promises or statements; (2) the promises or statements were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (3) the defendant acted with the intent to defraud; (4) the defendant did something that was a substantial step toward carrying out the plan or scheme; and (5) the bank was a federally insured institution. 18 U.S.C. § 1344; *United States v. Molinaro*, 11 F.3d 853, 862–863 (9th Cir.1993). The government need not prove that the defendant knowingly made false representations directly to a bank. *United States v. Cloud*, 872 F.2d 846, 850 (9th Cir.1989).

Manlove claims that because First Interstate Bank's loan agreement documents did not include language about a written lease being in place, there was no false promise or statement given to the bank that an actual written lease was in fact in place. Manlove goes on to contend that the emails between Ryan Jones, Paul Nisbet, and Manlove establish that no one actually thought there was a valid written lease agreement in place; instead, everyone thought that one would be in

place in the future. Manlove further argues that of all people, he had a more vested interest in a valid lease because if he was unable to collect rent from Vann's then his loan with First Interstate Bank would go into default.

The Court assumes that the essence of Manlove's arguments rests on element three of bank fraud. Thus, he asserts that the government did not provide relevant evidence from which the jury could reasonably find that the defendant acted with the intent to defraud. The Court disagrees. The testimony of Ryan Jones and Paul Nisbet provides sufficient evidence to this element. Again, the Court will not invade the province of the jury and its role to analyze the testimony of these individuals to determine if Manlove did in fact have the intent to defraud. The Court denies Manlove's Rule 29 motion on all bank fraud counts.

## IV. False Statements to Federally Insured Banks

To be found guilty of a false statement to a federally insured bank, the government must prove beyond a reasonable doubt that: (1) the defendant made a false statement or report to a federally insured institution; (2) the defendant made the false statement or report to the federally insured institution knowing it was false; and (3) the defendant did so for the purpose of influencing in any way the action of the federally insured institution. 18 U.S.C. § 1014; *United States v. Wells*, 519 U.S. 482, 496–497 (1997); *United States v. Taylor*, 808 F.3d 1202,

1204 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 2521 (2016).

With respect to the counts of conviction regarding false statements to federally insured banks, Manlove's argument is directed to the elements and not the sufficiency of the evidence submitted by the government. Manlove argues that the Ninth Circuit jury instruction omits an essential element and does not comport with 18 U.S.C. § 1014, because the statute states that the false statement has to be in the context of either seeking a change or renewal or an extension of the loan. Manlove contends that there is no dispute that the loans went into effect in 2008 and that there was no extension, change, or renewal of the loans.

The Court addressed and resolved this issue during the final settlement of jury instructions at trial. (*See* trial transcripts on January 17, 2017, January 17, 2017, and February 2, 2017.) The Court does not agree with the way Manlove reads the statute, and the Court finds that the Ninth Circuit jury instruction appropriately lists the elements according to the applicable statute and relevant case law. Therefore, because there is no argument regarding the evidence the government submitted to the jury on these counts, Manlove's Rule 29 motion regarding the counts of false statements to federally insured banks is denied.

## V. Bankruptcy Fraud

To be found guilty of presenting a false claim to a bankruptcy estate, the

government must prove beyond a reasonable doubt that: (1) a bankruptcy case was pending in a United States Bankruptcy Court; and (2) the defendant knowingly and fraudulently presented a false claim against the debtor in the pending bankruptcy proceeding, in a personal capacity or as or through an agent, proxy, or attorney. 18 U.S.C. § 152(4). To be found guilty of fraudulent receipt of funds from a bankruptcy, the government must prove beyond a reasonable doubt that: (1) a bankruptcy case was pending in a United States Bankruptcy Court; (2) the defendant knowingly and fraudulently received funds from the debtor during the bankruptcy; (3) the amount received was a material amount of property from the debtor after the filing of the bankruptcy case under the bankruptcy code; and (4) the defendant acted with the intent to defeat the provisions of the bankruptcy code. 18 U.S.C. § 152(5). To be found guilty of fraudulent transfer of assets in contemplation of a petition for bankruptcy protection, the government must prove beyond a reasonable doubt that: (1) a bankruptcy case was pending in a United States Bankruptcy Court and the defendant knowingly and fraudulently transferred property from the debtor to another entity; and (2) the fraudulently transferred property comprised of a certain monetary sum. 18 U.S.C. § 152(7).

Manlove's argument with respect to these counts, now and at the time of trial, focuses on the above mental state: "knowingly and fraudulently." He

contends that the correct mental state is "wilfully," and cites to *Cheek v. United States*, 498 U.S. 192, 201 (1991), and *United State v. Ratzlaf*, 510 U.S. 135, 141 (1994) for support. He argues that the term "willful" means that the government has to prove that the law imposed a legal duty on Manlove, that he knew the law imposed the legal duty on him, and that he took steps to intentionally disregard or disobey the law. In other words, the government has to prove it was against the law to file the proof of claim and receive funds from Vann's during the pending bankruptcy, Manlove knew it was against the law to do these things, but he did them anyway. Manlove contends that because there is no evidence regarding his specific willful mental state, his Rule 29 motion should be granted.

As the Court noted when it ruled on Manlove's arguments during the settlement of jury instructions at trial, and being mindful of the Ninth Circuit case law on this exact issue, *see United States v. Holmes*, 654 F. App'x 880, 883 (9th Cir. 2016), a plain reading of 18 U.S.C. § 152(4), (5), and (7) specifies that the correct mental state is knowingly and fraudulently. The jury instructions adequately provided definitions for those terms and the government submitted testimony from many witnesses regarding Manlove's state of mind. Therefore, the jury had sufficient evidence to reasonably conclude the defendant was guilty of bankruptcy fraud. Manlove's Rule 29 motion on the bankruptcy fraud counts is

denied.

## VI. Money Laundering

To be found guilty of money laundering of sums more than $10,000, the government must prove beyond a reasonable doubt that: (1) the defendant knowingly engaged in or attempted to engage in a monetary transaction; (2) the defendant knew the transaction involved criminally derived property; (3) the property had a value greater than $10,000; (4) the property was, in fact, derived from wire fraud; and (5) the transaction occurred in the United States. 18 U.S.C. § 1957; *United States v. Phillips*, 704 F.3d 754 (9th Cir. 2012). To be found guilty of money laundering of sums less than $10,000, the government must prove beyond a reasonable doubt that: (1) the defendant conducted or intended to conduct financial transactions involving property that represented the proceeds of wire fraud; (2) the defendant knew that the property represented the proceeds of wire fraud; (3) the defendant acted with the intent to promote the carrying on of specified unlawful activity; and (4) the defendant did something that was a substantial step toward committing the crime. 18 U.S.C. § 1956(a)(1)(A)(i).

Manlove's argument regarding money laundering is similar to his bankruptcy fraud argument, that is, the government failed to prove the requisite mental state. He claims that while the elements correctly include the "knowingly"

mental state, there is a separate, highly specific mental state that the government must prove: the defendant knew the money he was transacting was the proceeds of a federal crime. Manlove cites to *United States v. Stein*, 37 F.3d 1407, 1410 (9th Cir. 1994), *cert. denied*, 513 U.S. 1181 (1995), and *United States v. Golb*, 69 F.3d 1417, 1428 (9th Cir. 1995), in support of this argument. He argues that there is no basis for a conviction on any money laundering count because the government failed to prove that Manlove thought he was committing a federal crime.

The Court finds that there was sufficient evidence in the form of testimony from government witnesses and admitted emails establishing Manlove's participation in the leaseback schemes for the jury to infer Manlove's mental state. While Manlove consistently argues that these transactions were arms-length, the jury certainly did not agree. Therefore, because there was sufficient evidence and testimony regarding the money laundering counts, the Court will not invade the province of the jury to determine if Manlove had the requisite mental state. Manlove's Rule 29 motion on the money laundering counts is denied.

Accordingly, IT IS ORDERED that Manlove's Motion for Relief Under Rule 29(c) of the Federal Rules of Criminal Procedure (Doc. 315) is DENIED.

DATED this 3rd day of April, 2017.

_Dana L. Christensen_
Dana L. Christensen, Chief Judge
United States District Court